UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW CALVIN COLEY, | No. 2:23-cv-3019 SCR P |
| Plaintiff, | |
| v. | ORDER AND |
| DANIEL E. CUEVA, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff Andrew Calvin Coley, a state prisoner, proceeds without counsel and seeks relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). Plaintiff's complaint, motion to proceed in forma pauperis, and motion for injunction are before the court. For the reasons set forth below, the complaint fails to state a claim and should be dismissed without leave to amend. In light of this recommendation, the motion for injunctive relief should be denied.

**I.     In Forma Pauperis**

Plaintiff's declaration in support of the motion to proceed in forma pauperis (ECF No. 8) makes the showing required by 28 U.S.C. § 1915(a). The motion is granted. By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). The order will direct the appropriate agency to collect the initial partial filing fee

1

from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.     Screening Requirement

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. The facts alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## III.    Allegations in the Complaint

Plaintiff received a $20.00 "J-pay" to his trust account on July 12, 2023. (ECF No. 1 at 3.) The mandatory amount of $10.00 should have remained, but instead, "all of it was taken illegally" and plaintiff had no money when he went to the canteen. (Id.) On July 31, 2023, a

2

$25.00 J-Pay was sent to plaintiff but when plaintiff went to the canteen, he was told he only had $10.00. (Id. at 3.)

## IV. The Complaint Fails to State a Claim

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must show (1) the defendant committed the alleged conduct while acting under color of state law; and (2) the plaintiff was deprived of a constitutional right as a result of the defendant's conduct. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

Plaintiff does not allege a violation of a constitutional right and cannot state a claim under Section 1983. Prisoners do not have a Fourth Amendment right to be free from the seizure of their personal property. Hudson v. Palmer, 468 U.S. 517, 536 (1984); Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir. 1989). "Hence [the Fourth Amendment] cannot protect an inmate from the conversion of his property." Taylor, 871 F.2d at 806. Any form of redress for seizure of plaintiff's property is through the Fourteenth Amendment. See id.

Even assuming the defendants made unauthorized deductions from plaintiff's trust account, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson, 468 U.S. at 533. California provides a remedy for tort claims against public officials in California Government Code, §§ 900, et seq. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (deprivation of a prisoner's property fails to state a claim under Section 1983 because California state law provides an adequate post-deprivation remedy). An exception to this post-deprivation rule exists when the official acted pursuant to an established procedure. See Zimmerman v. City of Oakland, 255 F.3d 734, 738 (9th Cir. 2001). Here, plaintiff alleges policy was not followed. (See ECF No. 1 at 3.) Thus, the alleged unauthorized deprivation of property did not happen pursuant to an established procedure. Plaintiff does not state a claim based on

3

alleged illegal deductions from his trust account.

## V.     Conclusion and Order

If it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). Plaintiff is unable to state a federal claim for relief arising from alleged unauthorized trust account deductions not made pursuant to policy. Because amendment would be futile, leave to amend should be denied.

In addition, because plaintiff has not stated a viable claim and it is being recommended that the complaint be dismissed without leave to amend, plaintiff cannot show a likelihood of success on the merits as required for preliminary injunctive relief to issue. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (holding a plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, among other factors).

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action as set forth by separate order.

3. The Clerk of the Court is directed to randomly assign a United States District Judge to the case.

In addition, IT IS RECOMMENDED as follows:

1. Plaintiff's complaint be dismissed without leave to amend for failure to state a claim.

2. Plaintiff's motion for injunctive relief (ECF No. 7) be denied.

3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 21 days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the

////

specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 31, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE